Burket, J.
Ifc is urged by defendant below, . defendant in error here, that the plaintiff below had no legal capacity to maintain the action, because the executor is personally liable to the legal distributees for the money which came into his hands as such executor, and for the further reason that he can maintain an action in his own personal right for money of the estate wrongfully distributed, as held in Rogers v. Weaver, 5 Ohio Rep., 536. These considerations are not sufficient to cut off his right to maintain the action as executor. The money paid to the guardian was the money of the estate, and an executor is always a proper party to maintain an action to recover money belonging to the estate. Other existing remedies to recover money wrongfully paid out, do not exclude the remedy by action in the name of the executor.
*8 It may be that the executor and his sureties, have become insolvent, and in such cases the only remedy that is effective and available to the proper distributees is by an action in the name of the executor. The action was, therefore, properly broug’ht in his name as executor.
The demurrer further raises the question as to whether the petition states facts sufficient to constitute a cause of action in favor of the executor against the guardian.
Wilbert McConica, the legatee, having adopted Mary McConica, an infant, by legal proceeding’s in the probate court, died without issue of his body, before the death of Thomas H. Madden, the testator. The legacy to Wilbert, therefore, lapsed unless Mary is to be regarded in law as the issue of Wilbert. Wilbert was the grandson of the testator, and section 5971, Revised Statutes, provides that when a devise of real or personal estate is made to any child or other relative of the testator, and such child or other relative shall die, leaving issue surviving the testator, such issue shall take the estate. The word “issue” in this section means child of the body, or heir of the body, of the deceased relative of the testator, and does not include a child adopted by such decedent. The issue in such case must be of the blood of the testator and of the deceased child or other relative by birth. Adoption does not make the adopted child of the blood of its adopter, nor of the blood of his ancestors.
True, section 3140, Revised Statutes, provides that such adopted child ‘1 shall be to all intents and purposes the child and legal heir of the person so adopting him, or her, entitled to all the rights and privileges, and subject to all the obligations of a *9 child of such person, begotten in lawful wedlock. ” But this is far from providing that such adopted child shall be the issue of the adopter, and of his blood and of the blood of his ancestors.
It was well said in Upson v. Noble, 35 Ohio St., 658, that in passing the adopting statute “the legislature was dealing’ with personal rights and duties growing out of the relation of parent and child, by transferring them from the natural to the adopted relation.”
The statute enables the adopted child to inherit from its adopter, but not through him. The statute does not make the adopted child the heir of the ancestors of its adopter, and the right of the adopted child to inherit cannot be extended beyond where the statute has fixed it. The statute in this regard must be strictly construed, as held in 35 Ohio St., 658.
Adoption does not change the law of descent and distribution as to the property of the ancestors of-the adopter. Quigley v. Mitchell, 41 Ohio St., 375. The ancestors of the adopter are presumed to know their relatives by blood, and to have them in mind in the distribution of their estates, either by will or descent, but they cannot be expected to keep informed as to adoption proceedings in the probate courts of the counties of this state; and to allow an adopted child to inherit from the ancestors of the .adopter would often put property into the hands of unheard of adopted children, contrary to the wishes and expectations of such ancestors.
As Mary McConica, the adopted child, was not the issue of Wilbert, the legacy to him lapsed and the guardian of Mary was not entitled to receive the money that was paid to her as such guardian, *10 by the executor on distribution of the estate, and the money should be returned to him by the guardian, unless there is some rule of law to prevent it.
The petition sets out that he believed that Mary inherited the legacy of Wilbert, and that he paid the money to the guardian under a mistake of his rights and duties as executor, and which he was under no legal or moral obligation to pay.
This states no mistake of fact, but of law. So far as the petition discloses, he knew all the facts, but was mistaken as to his rights and duties, that is, as to the law of the case. In Thompson v. Thompson, 18 Ohio St., 73, it was held by this court that “Mistake as to the law of descents, where the intention in making a deed was to vest the estate conveyed in the grantee, affords no ground for relief in equity.”
In Cincinnati v. Gas Light and Coke Co., 53 Ohio St., 278, this court held that “A payment made by reason of a wrong construction of the terms of a contract, is not made under a mistake of fact,' but under a mistake of law, and if voluntary cannot be recovered back.” The payment, as disclosed in the petition, was voluntary and not under duress, and not under mistake of fact, and in such cases the holdings of this court have been that no recovery can be had. Mays v. Cincinnati, 1 Ohio St., 268; City of Marietta v. Slocomb, 6 Ohio St., 471; Railway Co. v. Iron Co., 46 Ohio St., 44 ; Cincinnati v. Gas Light and Coke Co., 53 Ohio St., 278.
The executor had the right to obtain the judgment of the court as to the proper person to receive this money, as was done in Upson v. Noble, 35 Ohio St., 655; Revised Statutes, section 6202. But, knowing all the facts, he did not seek the direction of the court, but relying upon his own *11 judgment, paid the money at his own peril. If he intended to litigate the matter he should have litigated before payment. It is now too late, unless he can show that he paid it under a mistake of fact, and this his present petition fails to show.

Judgment affirmed.